PET. & SUM.                **Chamberlain *vs* Maitland & Co.**

*Case* 100.                  ERROR TO THE JEFFERSON CIRCUIT.

                    *Bills of Exchange. Judgments. Damages. Interest*

*June* 13.        JUDGE MARSHALL delivered the opinion of the Court.

Bills of Exchange, payable in Massachusetts where an annual fast is directed to be observed by statute and the proclamation of the Governor, in conformity therewith, are properly protested for non-payment on the day preceding the fast day, and the fact that a particular day was set apart as the fast day, may be proved by parol as other facts of general notoriety, and a sworn copy or extract from the statute proves its existence as law.

THIS was a petition and summons on a Bill of Exchange, brought by Maitland & Co., the holders, against the other parties, as authorized by the act of 1837, (3 *Stat. Laws*, 491.) The bill was payable in the city of Boston, and was presented and protested, on the day before that on which, by its terms, and allowing the usual days of grace, it would have been due and demandable. And the question is, whether the facts by which this is attempted to be justified, are sufficiently proved, and whether, if proved, they show that the proceeding was regular. The facts alledged are, that the day on which the bill would have been regularly due, was the annual fast day, appointed by proclamation of the Governor of Massachusetts, on which day the Banks and all other places of business are usually, and were on this occasion in fact, closed. And that by an act of the Legislature of Massachusetts, it is provided, among other things, that bills falling due on such fast day, shall be payable, and may be noted and protested on the day next preceding, &c. &c. These facts were undoubtedly sufficient to authorize the presentation and protest of the bill as made. But it is contended that the proclamation of the Governor which appointed the fast day, and the Legislative act which made the bill payable on the next preceding day, were not sufficiently proved. We cannot, however, admit that the fact that a particular day was a fast day, appointed by public authority, may not be proved by parol, as other public facts of general notoriety, observed and known by all. Public convenience requires that a fact of this sort, which every body knows, and in which a whole community are interested, and about which there cannot well be a mistake, should be proveable as a mere fact, without re-

quiring an exemplification of the proclamation by which the day of fasting was appointed.

The fact that there is annually a day of fasting, &c. appointed and observed in the State of Massachusetts, and that all Banks and other places of business are closed on such days, was sufficiently proved by the deposition of the Notary Public, who acted in this case; and if it does not follow upon the principles of mercantile usage, as applicable to such facts, that a Bill of Exchange falling due on such a day, shall be dealt with as if it were payable on the day preceding, we think the written clause embodied in the deposition of the notary, purporting to be, and sworn to be, an extract from the Legislative acts of Massachusetts, must be taken as sufficient evidence of the law of that State upon the subject. In this State, a copy properly proved or certified, from the printed book of the Legislative acts of any of the United States, transmitted as such to the Secretary of this Commonwealth, is made sufficient evidence, and it has been decided that a printed book purporting to contain the Legislative acts of one of the States, and to be printed by the authority of such State, may be read as evidence of the law of that State. And it seems to us that such a book cannot be entitled to greater credence than the sworn extract before us.

There was no error, therefore, in refusing to exclude the evidence of the facts above stated, which authorized the presentation and protest of the bill when made. But the 4th section of the act giving the remedy by petition and summons, on Bills of Exchange, (3 *Stat. Laws*, 493,) provides expressly, that in that proceeding the judgment shall be for the amount due on the bill, with interest from the time it should have been paid, until paid, and costs; and the judgment in this case following the verdict, is for a gross sum in damages, including interest to the time it was rendered. Of this error the defendant could not have complained, if it were not that by a general act of 1837, in relation to interest, (*Stat. Laws*, 280–81,) this judgment, made up of principal, interest, &c. bears interest from its date, and the clerk is bound to make an indorse-

*Since the statute of 1837, giving interest on all judgments, it is error to render judgment in a suit on a Bill of Exchange for principal and interest by way of damages, upon which interest would run after judgment, by the force of the statute.*

CHAMBERLAIN
*vs*
MAITLAND & Co.

ment to that effect on any execution which may issue for its coercion.

This error in the judgment is therefore prejudicial to the defendants, and must be deemed a sufficient ground for reversal.

For this error alone the judgment is reversed, and the cause remanded, with directions to render a judgment for the amount of the Bill of Exchange, with interest from the time when it was due until paid, and the costs of protest, &c. as directed by the 4th section of the act above referred to.

*Fry & Page* for plaintiff: *Guthrie* for defendants.

---

CHANCERY.

*Case* 101.

*June* 14.

The case stated.